UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO ALONSO VELASQUEZ,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa; TODD M. LYONS, Acting Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, in their official capacities,<br><br>                              Respondents. | Case No.: 25-cv-3216-JES-AHG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Domingo Alonso Velasquez's ("Petitioner's") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on November 19, 2025. ECF No. 1 ("Pet."). Pursuant to the Court's order to show cause (ECF No. 2), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 5, 6. For the reasons set forth below, the Court **DENIES** the petition without prejudice. Petitioner may amend his Petition in accordance with this order.

## I.    BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States on March 25, 2019. Pet. ¶ 1. Petitioner sought asylum in the United States due to threats to his life in his home country, including an incident when an armed assailant attempted to shoot him and an incident in which his wife survived an attempted kidnapping. *Id.* ¶ 17.

On February 3, 2020, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* ¶ 18. Petitioner struggled with elements of the application and adjudication process because he does not speak English and has only a limited understanding of Spanish. *Id.* ¶ 22. On March 5, 2025, an immigration judge denied Petitioner's applications for protection. *Id.* ¶ 23. Petitioner appealed the denial to the Board of Immigration Appeals, and has continued the appeal process to the Ninth Circuit. *Id.* ¶ 2.

Petitioner was detained on July 22, 2025, at a regular ICE check-in. *Id.* Petitioner states that he complied with all prior supervision requirements, but does not state the form of supervision or parole those requirements related to. *Id.* At the time of filing the Petition, Petitioner had been detained for 118 days. *Id.*

Petitioner alleges that he should not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and should rather be subject to § 1226(a). *Id.* ¶¶ 25-33. As such, his detention without a meaningful bond hearing violates § 1226. He also alleges that Respondents have violated the Fifth Amendment's Due Process Clause by depriving him of his liberty. *Id.* ¶¶ 37-40. He seeks either release or that the Court order a bond hearing pursuant to § 1226.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus

to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

### A. Jurisdiction

As an initial matter, Respondents argue that the Court does not have jurisdiction over areas of immigration law, like the decision to initiate removal proceedings against an alien, designated by law to the executive branch. ECF No. 5 at 6. As discussed in other cases before this Court and in this District, the Court agrees with the government's underlying proposition but finds that it has jurisdiction to hear Petitioner's claims that his detention is unlawful. *See Sanchez v. Noem*, 25-cv-2995-JES-BJW, ECF No. 11 (S.D. Cal. Sept. 26, 2025); *Alegria Palma v. LaRose*, 25-cv-1942-BJC-MMP, ECF No. 14 (S.D. Cal. Aug. 11, 2025); *Mendez Los Santos v. LaRose*, 25-cv-2216-TWR-MSB, ECF No. 14 (S.D. Cal. Sept. 4, 2025) (granting petition by minute order); *Rokhifirooz v. LaRose et al.*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165 (S.D. Cal Sept. 15, 2025).

### B. INA Violation

Petitioner argues that Respondents have detained him illegally because 8 U.S.C. § 1226, and not § 1225, governs his detention as an individual residing in the United States prior to his detention. Pet. ¶¶ 34-36. Respondents take the position that Petitioner is subject to mandatory detention under Section 1225(b)(2) as an applicant for admission. ECF No. 5 at 4. While the Court agrees with Petitioner's position regarding the basic purposes of Sections 1225 and 1226, it finds that Petitioner has not provided sufficient information regarding his time in the United States for the Court to determine which statute applies to him.

3

In *Martinez Lopez v. Noem et al.*, this Court analyzed the applicability of Sections 1225 and 1226 to individuals who had lived within the United States for a period of time, and held that Section 1226 governed. No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). The Court adopts its reasoning as to these issues in that case and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding the same).

Here, Petitioner has not provided information as to his status in the United States between his initial entrance on March 25, 2019, and the beginning of his current detention on July 22, 2025. *See generally, Pet.* He has not stated how long he was detained for following his initial entrance into the United States, whether he has left the United States recently and re-entered, or whether he was paroled into the country or given supervised release during the above dates. *Id.* Without this information, the Court is unable to determine whether Petitioner is properly understood as an applicant for admission under Section 1225, or a "longtime noncitizen resident" with some release status and ties to this country at the time of his arrest. *See Martinez Lopez*, No: 25-cv-2717-JES-AHG at *10. Without this information, the Court cannot properly find that Respondents have violated the INA by detaining Petitioner. Thus, Petitioner has not met his burden, and the Petition is **DENIED** on this basis.

**C. Due Process Violation**

Petitioner also argues that Respondents violated the Due Process Clause by detaining him. Pet. ¶¶ 37-40. In *Navarro Sanchez v. LaRose et al.*, this Court analyzed caselaw on the due process clause in the immigration context and held that a noncitizen's parole or supervised release constitutes a protected liberty interest of which they may not be deprived without adequate notice and a meaningful opportunity to be heard regarding the deprivation. No: 25-cv-2396-JES-MMP, ECF No. 10 (S.D. Cal. Sept. 26, 2025). The Court adopts its reasoning as to these issues in that case and incorporates it by reference.

Here, Petitioner has not shown that he had a liberty interest in being present in the United States, or that the government deprived him of that liberty interest without notice

or the opportunity to be heard. *See generally Pet.* Petitioner states that he arrived in the United States on March 25, 2019, and that he applied for asylum and other relief on February 3, 2020, but does not explain whether he was granted parole or supervised release between those dates. Pet. ¶ 18. Petitioner also does not state whether he was given notice or opportunity to be heard regarding any change in status prior to re-detention. *Id.* The fact of detention alone is not enough to show a due process violation. Thus, the Court cannot find that the government violated Petitioner's right to due process at this time and **DENIES** the Petition on that basis.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition without prejudice. Petitioner may amend his Petition in accordance with this order.

**IT IS SO ORDERED.**

Dated: December 3, 2025

Honorable James E. Simmons Jr.
United States District Judge